This bill was filed to impress a trust on certain funds claimed to be held by the defendant the First National Bank of Edgewater, and which were placed with the bank in or about the year 1920 under these circumstances: A depositor in the bank had been permitted to draw against checks on other banks, which he had deposited in the Edgewater bank, and which, later on, were protested for non-payment, resulting in a heavy overdraft amounting to over $23,000. The Edgewater bank's capital, surplus and undivided profits were small, and this overdraft seriously crippled the bank. It appears that a meeting of the directors was called to cope with the situation, and as a result thereof a sum sufficient to meet the deficit was paid into the bank by members of the board of directors, which has been held by the bank ever since, notwithstanding the fact that a short time after the deficit was thus met, the depositor's overdraft was satisfactorily adjusted, and eventually paid in full by him. Subsequently, the controlling interest in the bank was taken over by the Edgewater Trust Company, and new officials came in. The present complainants contend that the bank now has the overdrawing depositor's money in full, and also the funds of the directors, which were provided to cover the supposed loss, amounting in all to $51,565.60, of which amount they assert $28,165.60 the bank is neither equitably, legally, nor morally entitled to retain. *Page 63 
The defendants contend, however, that this money was voluntarily paid by the complainants, and that it tended to enhance the value of the stock held by them, and that that enhanced value was reflected back in their favor upon the transfer of the controlling interest, to the Edgewater Trust Company, and that, therefore, the bank is entitled to hold these moneys as assets of its own.
The proofs do not establish that the value of the stock upon its acquisition by the present controlling interests was either advantageously or disadvantageously affected by the facts indicated. Stripped of all the technicalities urged in behalf of the contention of the defendants, I feel that the situation presented is the simple one where one party in whose favor an obligation may exist has been indemnified or paid by one, who, under some form of pressure felt that he was obligated to so respond, and later on the principal obligor or debtor himself pays the obligation in full. Under such circumstances it would be inequitable for the grantee or obligee to retain the money of both obligors, and manifestly the one who was only secondarily liable should be entitled to have the money paid by him returned. Otherwise, the obligee would be unjustly enriched to the extent of having received payment of its obligation twice.
Whether the relief granted the complainants in the present case is by way of impressing a trust on the funds, or through the application of the equitable right of subrogation, or otherwise, makes no difference in the result. I think that the complainants should prevail, and that the moneys ad-advanced by them and deposited with the bank to meet any loss ultimately sustained through the failure of the overdrawing depositor to make good his deficit, should now be returned. The depositor appears to have paid his obligation in full, and the amount now due the complainants, as indicated, should be a matter of simple calculation.
I will advise a decree accordingly, and will settle its terms in the usual way upon presentation of the same by counsel. *Page 64